IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HEATH WHITT, AIS 222052, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-CV-278-ECM-KFP |
| | ) | |
| OFFICER JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 5, 2022, Plaintiff filed a § 1983 Complaint and a Motion to Proceed in Forma Pauperis. Docs. 1–2. On June 9, 2022, the Court issued an Order requiring Plaintiff to file a prison account statement in support of his motion by June 30, 2022. Doc. 4. Additionally, because the Complaint failed to state any facially plausible § 1983 claims, the Court issued a separate Order requiring Plaintiff to file an amended complaint by June 30, 2022. Doc. 5. Both Orders warned Plaintiff that a failure to comply would result in a recommendation of dismissal. Doc. 4 at 2; Doc. 5 at 7. To date, Plaintiff has not filed a prison account statement or an amended complaint, and he has not requested an extension of time or otherwise attempted to justify his failure to comply with court orders.

Therefore, for the reasons stated in the Court's Order requiring an amended complaint (Doc. 5), the Complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

Alternatively, because of Plaintiff's failure to comply with court orders, this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.

1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, the undersigned Magistrate Judge RECOMMENDS the following:

1. Plaintiff's Complaint (Doc. 1) be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim or, alternatively, DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) for failure to comply with court orders; and

2. Plaintiff's Motion to Proceed in Forma Paupers (Doc. 2) be DENIED as moot.

Further, it is ORDERED that by **August 4, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of July, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE